IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY CO.,** ]<br>]<br>    **Plaintiff,** ]<br>]<br>v. ]<br>]<br>**MELVIN E. KNOBLETT, BARBARA KNOBLETT, ASHLEY WORTHEN, MATTHEW WORTHEN, KIMBERLY REID, and MICHAEL REID,** ]<br>    **Defendants.** ] | CV-08-BE-0220-S |

## MEMORANDUM OPINION

This matter is before the court on "Defendant's Motion to Dismiss" (Doc. 5) filed by Melvin E. Knoblett and Barbara Knoblett, and this court's "Order to Show Cause" (Doc. 7). For the reasons stated in this opinion, the court will GRANT the motion to dismiss.

The motion to dismiss asserts that this court lacks subject matter jurisdiction because Plaintiff has not satisfied the requisite amount in controversy. Plaintiff, State Farm Insurance Company, filed this declaratory judgment action on February 6, 2008, requesting a declaration that it does not have a duty to defend or indemnify its policyholders in the underlying state court action, *Worthen v. Knoblett*, in the Circuit Court of Shelby County, CV-07-900434. State Farm claims federal jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

As part of its burden to establish subject matter jurisdiction, State Farm must demonstrate that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. . . ." 28 U.S.C. § 1332(a); *see Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the party claiming federal jurisdiction bears the burden of demonstrating that it

exists). Because the instant suit involves only insurance coverage issues as they relate to the underlying state court action, the court must look to the amount in controversy in the underlying state court suit to determine the amount in controversy for the purposes of diversity jurisdiction. *See Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

*Underlying Complaint: Indeterminate Damages*

To support its claim that the amount in controversy exceeds $75,000.00, State Farm does indeed focus on the value of the underlying state court suit, stating in its Complaint for Declaratory Judgment: "The amount in controversy appears to exceed, exclusive of interests and costs, the sum of $75,000.00. The Plaintiffs' Complaint [in the underlying action] is an eight-count action involving sexual assault claims, by which the Plaintiffs seek compensatory damages including emotional distress and mental anguish, in addition to punitive damages." (Doc. 1 at 3, ¶ 8). Yet, the value that State Farm attaches to the claims in the state action is one of its own concoction; the state action's complaint does not demand a specific amount of damages. Rather, the state complaint demands compensatory and punitive damages "as may be proved at trial" and "costs of court, interest, and such other further and additional relief as may be just and proper." (Doc. 1, Ex. A at 10). State Farm's "raw conclusion . . . that the amount in controversy exceeds the jurisdictional amount does not keep the damages sought from being indeterminate." *See Employers Mut. Cas. Co. v. Parker Towing Co.*, 2007 WL 4577705, at *1 (S.D. Ala. Dec. 27, 2007); *see also Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 808 (11th Cir. 2003).

"[W]here jurisdiction is based on a claim for indeterminate damages, . . .the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing its jurisdiction meets the jurisdictional minimum." *Federated*

*Mut.*, 329 F.3d at 807.  Because the Eleventh Circuit has stated that case law addressing the jurisdiction amount in the removal context is analogous to case law addressing the jurisdictional amount in a declaratory judgment, *see id.* at 807 n. 1*,* the decision of *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), a removal case, provides helpful guidance regarding what evidence may establish the amount in controversy.  In *Lowery*, the Eleventh Circuit held that when the amount in controversy is based on the value of a lawsuit, the party asserting federal jurisdiction must provide a document containing "an unambiguous statement that clearly establishes federal jurisdiction." *Id.* at 1213 n. 63.  The Court of Appeals further held that the document establishing the jurisdictional amount must originate "from the plaintiff [in the state action] – be it the initial complaint or a later received paper. . . ." *Id.* at 1213.  As noted previously,  however, the complaint in the underlying state suit does not provide an unambiguous statement that clearly establishes the jurisdictional amount.  Accordingly, the complaint in that suit does not establish a basis for subject matter jurisdiction in the instant case.  To establish jurisdiction, then, State Farm must look to some other document from the plaintiff in the underlying action.

*Worthen/Reid Statement in the Answer*

The only other document that Plaintiff proffers to establish jurisdiction in this declaratory judgment action is the Worthen/Reid Defendants' "Answer to Complaint for Declaratory Judgment" filed in the instant case.  Without waiving any issues as to jurisdiction, that answer contains the following statement: "The Worthen/Reid Defendants specifically do not represent to the Court that the amount in controversy in the underlying action is less than $75,000, but they do agree that the burden falls upon State Farm, as Plaintiff in this action, to establish the same." (Doc. 8 at 1).  Because the Worthen/Reid Defendants in the instant case are plaintiffs in the

underlying state court action at issue, if this statement represents an "unambiguous statement that clearly establishes the jurisdictional amount," State Farm would meet its burden of proof.  *See Lowery*, 483 F. 3d at 1213 n. 63.  The court finds that this statement cannot be considered "unambiguous," and does not clearly establish the jurisdictional amount.  Rather, the court reads this statement as an affirmation that the burden rests upon State Farm to establish that the amount in controversy exceeds $75,000.00.  Therefore, the court finds that the answer in the instant case does not establish a basis for subject matter jurisdiction.  The court is aware of no other document from the plaintiffs in the underlying suit that establishes the jurisdictional amount and, indeed, State Farm has identified no such document.

      The court finds that State Farm has failed to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  Accordingly, the court will order that this case be DISMISSED for lack of subject matter jurisdiction.

      Dated this 29th day of May, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE